Dominic J. Picca (DP 2376)
Seth R. Goldman (SG 2452)
MINTZ LEVIN COHN FERRIS
   GLOVSKY and POPEO, P.C.
Chrysler Center
666 Third Avenue
New York, New York 10017
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

GLOBAL IP SOLUTIONS, INC.,         :

                Plaintiff,      :

                     :

         v.               : 07 CV 7631 (RJH)

                     :

DELTATHREE, INC.,            :

                Defendant.   :

-----------------------------------------------------------X

## ANSWER AND AFFIRMATIVE DEFENSES

     Defendant Deltathree, Inc. ("Defendant"), by their attorneys, Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., for their Answer and Affirmative Defenses to the Complaint of plaintiff Global IP Solutions, Inc. ("Plaintiff"), states as follows:

     1.     Denies the allegations contained in paragraph 1 of the Complaint.

     2.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 2 of the Complaint.

     3.     Admits the allegations contained in paragraph 3 of the Complaint.

     4.     Denies the allegations contained in paragraph 4 of the Complaint.

     5.     Admits that Defendant does business in New York and is subject to the personal jurisdiction of the Court.

6.     Denies the allegations contained in paragraph 6 of the Complaint and refers the Court to the Agreement for its terms and conditions.

7.     Admits that New York, New York is an appropriate venue to resolve a dispute between the parties.

8.     Denies the allegations contained in paragraph 8 of the Complaint and refers the Court to the Agreement for its terms and conditions.

9.     Denies then allegations contained in paragraph 9 of the Complaint, except admits that the Agreement calls for Defendant to pay Plaintiff royalties based upon specific criteria set forth in the Agreement.

10.     Denies the allegations contained in paragraph 10 of the Complaint and refers the Court to the Agreement for its terms and conditions.

11.     Denies the allegations contained in paragraph 11 of the Complaint.

12.     Admits the allegations contained in paragraph 12 of the Complaint.

13.     Denies the allegations contained in paragraph 13 of the Complaint, and further avers that the terms was negotiated by the parties.

14.     Denies the allegations contained in paragraph 14 of the Complaint, except admits that the term Incremental Active User is a defined term that is contained in the Agreement, which was a contract fully negotiated by the parties.

15.     Admits the allegations contained in paragraph 15 of the Complaint.

16.     Denies the allegations contained in paragraph 16 of the Complaint.

17.     Denies the allegations contained in paragraph 17 of the Complaint.

18.     Denies the allegations contained in paragraph 18 of the Complaint, and refers the Court to the Agreement, including Article 9.1 thereof, for its terms and conditions.

2

ACTIVE 4136167v.1

19.     Admits the allegations contained in paragraph 19 of the Complaint.

20.     Denies the allegations contained in paragraph 20, except admits that Article 14.4 is an early termination provision under the Agreement and is entitled "Termination for Breach".

21.     Admits the allegations contained in paragraph 21 of the Complaint.

22.     Admits the allegations contained in paragraph 22 of the Complaint.

23.     Denies the allegations contained in paragraph 23 of the Complaint, except admits that Defendant provided a royalty report showing 5,295 Incremental Active Users.

24.     Denies the allegations contained in paragraph 24 of the Complaint, except admits that Defendant provided Plaintiff with a royalty report for the first quarter of 2006, as required by the Agreement.

25.     Admits the allegations contained in paragraph 25 of the Complaint.

26.     Denies the allegations contained in paragraph 26 of the Complaint, except admits that the report showed 1,054 Incremental Active Users above the 15,000 Incremental Active Users threshold.

27.     Admits that on or about May 25, 2006, Defendant paid Plaintiff $1,054.

28.     Denies the allegations contained in paragraph 28 of the Complaint, except admits that Defendant reports its earnings in accordance with SEC rules and that it reported earnings of $10.7 million for the first quarter of 2006.

29.     Denies the allegations contained in paragraph 29 of the Complaint.

30.     Denies the allegations contained in paragraph 30 of the Complaint.

31.     Denies the allegations contained in paragraph 31 of the Complaint.

32.     Denies the allegations contained in paragraph 32 of the Complaint.

33.     Denies the allegations contained in paragraph 33 of the Complaint.

3

34.    Denies the allegations contained in paragraph 34 of the Complaint.

35.    Denies the allegations contained in paragraph 35 of the Complaint.

36.    Denies the allegations contained in paragraph 36 of the Complaint.

37.    Denies the allegations contained in paragraph 37 of the Complaint, except admits that Defendant paid Plaintiff $3,607 as a royalty payment.

38.    Admits the allegations contained in paragraph 38 of the Complaint.

39.    Denies the allegations contained in paragraph 39 of the Complaint.

40.    Denies the allegations contained in paragraph 40 of the Complaint.

41.    Denies the allegations contained in paragraph 41 of the Complaint.

42.    Denies the allegations contained in paragraph 42 of the Complaint.

43.    Denies the allegations contained in paragraph 43 of the Complaint.

44.    Denies the allegations contained in paragraph 44 of the Complaint, except admits that Defendant made a payment of $5,689 as a royalty payment for the fourth quarter of 2006.

45.    Denies the allegations contained in paragraph 45 of the Complaint.

46.    Denies the allegations contained in paragraph 46 of the Complaint.

47.    Denies the allegations contained in paragraph 47 of the Complaint.

48.    Denies the allegations contained in paragraph 48 of the Complaint.

49.    Denies the allegations contained in paragraph 49 of the Complaint.

50.    Denies the allegations contained in paragraph 50 of the Complaint.

51.    Denies the allegations contained in paragraph 51 of the Complaint.

52.    Denies the allegations contained in paragraph 52 of the Complaint.

53.    Denies the allegations contained in paragraph 53 of the Complaint.

ACTIVE 4136167v.1

54.     Denies the allegations contained in paragraph 54 of the Complaint, except admits that no royalty payment was made because none was due by operation of the Agreement.

55.     Denies the allegations contained in paragraph 55 of the Complaint, except admits that a meeting took place between Messrs. Effi Baruch and Michael Poppler.

56.     Denies the allegations contained in paragraph 56 of the Complaint.

57.     Denies the allegations contained in paragraph 57 of the Complaint.

58.     Admits the allegations contained in paragraph 58 of the Complaint.

59.     Denies the allegations contained in paragraph 59 of the Complaint and respectfully refers the Court to the May 23 letter for its terms and contents.

60.     Admits that the Agreement entitles Plaintiff to seek an audit and that Defendant agreed to cooperate fully with respect to that audit, which it did.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62.     Admits the allegations contained in paragraph 62 of the Complaint and further avers that Defendant provided PwC with all of the information it requested throughout the audit.

63.     Denies the allegations contained in paragraph 63 of the Complaint.

64.     Denies the allegations contained in paragraph 64 of the Complaint.

65.     Denies the allegations contained in paragraph 65 of the Complaint.

66.     Denies the allegations contained in paragraph 66, except admits that Defendant received a letter from Plaintiff, dated July 19, 2007, purporting that Defendant was in breach of the Agreement.

ACTIVE 4136167v.1

67.     Denies the allegations contained in paragraph 67, except admits that Defendant received a letter from Plaintiff, dated July 19, 2007, purporting that Defendant was in breach of the Agreement.

68.     Denies the allegations contained in paragraph 68 of the Complaint and respectfully refers the Court to the July 19 letter for its terms and contents.

69.     Denies the allegations contained in paragraph 69 of the Complaint and respectfully refers the Court to the July 19 letter for its terms and contents.

70.     Denies the allegations contained in paragraph 70 of the Complaint and respectfully refers the Court to the July 19 letter for its terms and contents.

71.     Denies the allegations contained in paragraph 71 of the Complaint and respectfully refers the Court to the July 19 letter for its terms and contents.

72.     Denies the allegations contained in paragraph 72 of the Complaint and respectfully refers the Court to the July 19 letter for its terms and contents.

73.     Denies the allegations contained in paragraph 73 of the Complaint.

74.     Admits the allegations contained in paragraph 74 of the Complaint.

75.     Denies the allegations contained in paragraph 75 of the Complaint and respectfully refers the Court to the July 25 letter for its terms and contents.

76.     Denies the allegations contained in paragraph 76 of the Complaint.

77.     Denies the allegations contained in paragraph 77 of the Complaint and respectfully refers the Court to the July 25 letter for its terms and contents.

78.     Denies the allegations contained in paragraph 78 of the Complaint.

79.     Denies the allegations contained in paragraph 79 of the Complaint.

ACTIVE 4136167v.1

80.     Objects to the allegations contained in paragraph 80 of the Complaint on the ground that it is not an assertion that can or should be either admitted or denied as a matter of law.

81.     Denies the allegations contained in paragraph 81 of the Complaint and respectfully refers the Court to the Agreement for its terms and conditions.

82.     Admits the allegations contained in paragraph 82 of the Complaint.

83.     Admits the allegations contained in paragraph 83 of the Complaint.

84.     Denies the allegations contained in paragraph 84 of the Complaint, except admits that Defendant paid Plaintiff $25,350 in royalty payments as of July 25, 2007.

85.     Denies the allegations contained in paragraph 85 of the Complaint.

86.     Denies the allegations contained in paragraph 86 of the Complaint.

87.     Denies the allegations contained in paragraph 87 of the Complaint.

88.     Denies the allegations contained in paragraph 88 of the Complaint.

89.     Denies the allegations contained in paragraph 89 of the Complaint to the extent it seeks to contend that Defendant has an obligation to return or destroy all copies of GIPS Integrated Programs or Combined Products and further avers that Defendant has the right to maintain control of those programs and products, as permitted by the Agreement, because the Agreement has not terminated.

90.     Denies the allegations contained in paragraph 90 of the Complaint, except admits that Defendant sent Plaintiff a royalty report for the second quarter of 2007.

91.     Denies the allegations contained in paragraph 91 of the Complaint.

92.     Denies the allegations contained in paragraph 92 of the Complaint.

93.     Denies the allegations contained in paragraph 93 of the Complaint.

ACTIVE 4136167v.1

## First Claim for Relief (Copyright Infringement)

94.     Defendant repeats and realleges the allegations contained in 1 through 93 of the Answer as though set forth fully herein.

95.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 95 of the Complaint.

96.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 96 of the Complaint.

97.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 97 of the Complaint.

98.     Denies the allegations contained in paragraph 98 of the Complaint.

99.     Denies the allegations contained in paragraph 99 of the Complaint.

100.     Denies the allegations contained in paragraph 100 of the Complaint.

101.     Denies the allegations contained in paragraph 101 of the Complaint.

102.     Denies the allegations contained in paragraph 102 of the Complaint.

103.     Denies the allegations contained in paragraph 103 of the Complaint.

104.     Denies the allegations contained in paragraph 104 of the Complaint.

105.     Denies the allegations contained in paragraph 105 of the Complaint.

## Second Claim for Relief (Breach of License Agreement)

106.     Defendant repeats and realleges the allegations contained in 1 through 105 of the Answer as though set forth fully herein.

107.     Admits the allegations contained in paragraph 107 of the Complaint.

108.     Denies the allegations contained in paragraph 108 of the Complaint.

109.     Denies the allegations contained in paragraph 109 of the Complaint.

110.     Denies the allegations contained in paragraph 110 of the Complaint.

8

111.    Denies the allegations contained in paragraph 111 of the Complaint.

112.    Denies the allegations contained in paragraph 112 of the Complaint.

113.    Denies the allegations contained in paragraph 113 of the Complaint.

114.    Denies the allegations contained in paragraph 114 of the Complaint.

**Third Claim for Relief (Breach of Duty of Good Faith and Fair Dealing)**

115.    Defendant repeats and realleges the allegations contained in 1 through 114 of the Answer as though set forth fully herein.

116.    Denies the allegations contained in paragraph 116 to the extent it calls for a legal conclusion.

117.    Denies the allegations contained in paragraph 117 of the Complaint.

118.    Denies the allegations contained in paragraph 118 of the Complaint.

119.    Denies the allegations contained in paragraph 119 of the Complaint.

120.    Denies the allegations contained in paragraph 120 of the Complaint.

121.    Denies the allegations contained in paragraph 121 of the Complaint.

122.    Denies the allegations contained in paragraph 122 of the Complaint.

123.    Denies the allegations contained in paragraph 123 of the Complaint.

**Fourth Claim for Relief (Declaratory Judgment)**

124.    Defendant repeats and realleges the allegations contained in 1 through 123 of the Answer as though set forth fully herein.

125.    Denies the allegations contained in paragraph 125 of the Complaint.

126.    Denies the allegations contained in paragraph 126 of the Complaint.

**Fifth Claim for Relief (Replevin)**

ACTIVE 4136167v.1

127.    Defendant repeats and realleges the allegations contained in 1 through 126 of the Answer as though set forth fully herein.

128.    Denies the allegations contained in paragraph 128 of the Complaint.

129.    Admits that Plaintiff has demanded the return of the VoiceEngine PC Advanced, but denies that Plaintiff has any right to make such a demand.

130.    Denies the allegations contained in paragraph 130 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The complaint fails to state a claim against the Defendants upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred because it failed to mitigate its damages.

### Third Affirmative Defense

Plaintiffs' claims are barred by the doctrines of waiver and/or estoppel.

### Fourth Affirmative Defense

Plaintiffs are barred from maintaining this action against Defendants on the ground that plaintiff has not, nor will it, suffer injury or damages as a result of any of the Defendants' conduct.

### Fifth Affirmative Defense

The damages, if any, alleged in the complaint were directly and proximately caused, in whole or in part, by the negligence, carelessness, fault, recklessness, lack of due care, breach of contract, deceit, fraud and/or other conduct of plaintiff and/or its agents, employees, servants or

10

contractors.  Accordingly, if plaintiff is entitled to any damages whatsoever, Defendants are not

liable for those damages at all or are entitled to a set off from plaintiff of said damages.

WHEREFORE defendant Deltathree, Inc. respectfully demands as follows:

A.    That the Complaint be dismissed in its entirety, with prejudice; and

B.    That the Court grant them such other and further relief as is just and
proper.

Dated: New York, N.Y.
September 21, 2007

Dominic J. Picca (DP 2376)
Seth R. Goldman (SG 2452)
Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
Attorneys for Defendant
666 Third Avenue
New York, N.Y.  10017
Tel:  212-692-6845
Fax:  212-983-3115

11