Luke A. Connelly, Esq.
Edward C. Wipper, Esq.
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone:    (212) 294-6700
Facsimile:    (212) 294-4700

Jonathan M. Cohen (admitted *pro hac vice*)
Krista M. Enns (application for *pro hac vice* pending)
101 California Street, Suite 3900
San Francisco, California 94111
Telephone:    (415) 591-1000
Facsimile:    (415) 591-1400

Attorneys for Plaintiff Global IP Solutions, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GLOBAL IP SOLUTIONS, INC.                  :   07 CV 7631 (RJH)
                                           :
                    Plaintiff,             :   **STIPULATED PROTECTIVE**
                                           :   **ORDER**
          -against-                        :
                                           :
DELTATHREE, INC.                           :
                                           :
                    Defendant.             :
------------------------------------------------------X

4150624v.1

1. <u>PURPOSES AND LIMITATIONS</u>

WHEREAS, in the course of discovery in this action, it is necessary for the parties to or third parties to disclose trade secrets, proprietary information or other confidential business information to opposing counsel, expert witnesses, or other persons, the parties hereby stipulate to and petition the Court to enter the following **Stipulated Protective Order**.

2. <u>DEFINITIONS</u>

   2.1   <u>Party or Parties</u>: any party to this action, as well as Global IP Sound AB and Deltathree LLC, including, their respective officers, directors, employees, consultants, retained experts, agents, and outside counsel (and their support staff) to the extent, and only to the extent, that the party reasonably believes in good faith that those people are necessary to adjudicate its rights and responsibilities in this action.

   2.2   <u>Disclosure of Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

   2.3   <u>"Confidential" Information or Items</u>: all items or information regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things) believed by a Party to constitute, reflect, reveal, or disclose non-public information relating to "trade secret or other confidential research, development, or commercial information" as set forth in Fed. R. Civ. P. 26(c)(7).

   2.4   <u>Producing Party</u>: a Party or non-party that produces Disclosure of Discovery Material in this action.

2

41506240 1

2.5   Receiving Party: a Party that receives Disclosure of Discovery material from a Producing Party.

2.6   Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7   Challenging Party: a Party who challenges a Designating Party's confidentiality designation.

2.8   Protected Material: any Disclosure of Discovery Material that is designated as "Confidential."

2.9   Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10  House Counsel: attorneys who are employees of a Party.

2.11  Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12  Expert or Experts: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not an employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

3

4150624v1

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>SCOPE</u>

This order shall be applicable to and govern all depositions, documents and things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial (collectively "Information") that is designated as "Confidential".

In designating Information as "Confidential" a Party shall make such designation only as to Information which that Party in good faith believes compromises or reflects proprietary information used by it in, or pertaining to, its business which is not generally known and which the Party would normally not reveal to third parties or would cause third parties to maintain in confidence, such as trade secrets, financial data, contracts and agreements, current and future business plans, employee data (including personnel files), and marketing information.

Information designated "Confidential" shall be used by the Parties to this litigation solely for the purpose of prosecuting and/or defending this action, and not for any other purpose whatsoever.

4. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

In the case of documents, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend, as is appropriate, on each page of any such document prior to production: "Confidential". The term "document", as used in this Order, shall have the broadest meaning permissible under Fed. R. Civ. P. 34 and shall include, without limitation, all "writings", "recordings", and "photographs" as defined in Fed. R. Evid. 1001, and any information stored in or through any computer system or other electronic or optical data storage device.

In the case of depositions, designation of those transcripts (including exhibits) containing Confidential Information shall be made by a statement to such effect on the record during the course of the deposition by any counsel. Counsel shall attempt to identify and designate in good faith those portions of the transcript and exhibits containing Confidential Information, and those portions of the transcript and exhibits so identified and shall be marked separately by the court reporter as "Confidential". If no such designation is made by a statement to such effect on the record during the course of the deposition, then within fifteen (15) days after the mailing of the transcripts to counsel by the court reporter, counsel may designate portions of the transcript and exhibits as containing Information that is "Confidential" by serving written notice of such designation upon all other Parties. Such notice shall specify the particular portions of the transcript that counsel wishes to designate as containing Information that is "Confidential" by listing on a separate sheet of paper the numbers of the pages of the transcript and exhibits containing Information that is "Confidential" so that the sheet may be affixed to the face of the transcript and each copy thereof. If no designation is made by a statement to such effect on the record during the course of the deposition or within fifteen (15) days after the mailing of the transcript to counsel by the court reporter, the transcript shall be considered not to contain any Information that is "Confidential", except that a Party may petition the court for a

Confidential designation of portions of the transcript after the expiration of the 15-day period. The transcript shall provisionally be treated as confidential during this fifteen (15) day period. Portions of the transcript (including exhibits) designated "Confidential" may only be disclosed in accordance with the terms of this Order.

A Party furnishing documents and things to another Party shall have the option to require that all or batches of documents and things be treated as "Confidential" during inspection and to make its designations of particular documents and things at the time that copies or documents and things are produced and furnished.

Nothing contained in this Order shall affect the right of any Party to make an objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena or question at a deposition or to seek further relief or protective order from the Court as permitted by Fed. R. Civ. P. 26(c). Nothing in this Order shall constitute an admission or waiver of any claim or defense by any Party.

In the event that any Information designated "Confidential" is used in any court proceeding in connection with this litigation, it shall not lose its "Confidential" status through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such proceedings. Whenever a Party files any Information with the Court that is designated "Confidential", the Party shall file such Information under seal, except that upon the default of the filing Party to so designate, any Party may do so. Envelopes used to seal such material shall carry the notation: "Confidential - Pursuant to Protective Order - Filed Under Seal" and shall comply with all requirements of the Court for filing Information under seal.

5.1     <u>Inadvertent Failures to Designate</u>.  The inadvertent or unintentional disclosure by the supplying Party of Information designated "Confidential" during the course of this litigation, regardless of whether the Information was so designated at the time of disclosure,

6

4150624v.1

shall not be deemed a waiver in whole or in part of any Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the Parties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the Confidential Information that was inadvertently or unintentionally disclosed.

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

A Party shall not be obligated to challenge the propriety of information designated "Confidential" at the time the designation is made, and failure to do so shall not preclude subsequent challenge thereto. In the event that any Party to this litigation disagrees at any stage of these proceedings with such designation, such Party shall provide the Designating Party written notice of its disagreement with the designation, supported by reasons therefore specifying the document, information or other thing as to which such removal is sought. The Parties shall first try to resolve such a dispute in good faith by meeting and conferring.

If the parties cannot reach agreement concerning the matter within ten (10) business days after delivery of the notice, any party may, upon duly noticed motion, including a certificate that the party has attempted in good faith to resolve the dispute without judicial intervention, challenge the designation of any information as "Confidential" Information or seek to modify the scope of the prohibition against disclosure. The putatively "Confidential" information may be lodged under seal with such a motion. The burden of proving that Information has been properly designated as "Confidential" is on the Party making such a designation. If such a motion is made or resisted without substantial justification, the prevailing party will be entitled to reasonable fees and costs incurred as a result.

7

4150624v.1

7. ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting or defending this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 10, below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2    Disclosure of "CONFIDENTIAL" Information or Items

    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    (a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    House Counsel, officers and directors of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author of the document or the original source of the information.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in another litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing by facsimile and/or e-mail immediately and in no event more than two days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. Additionally, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

In no event shall a Receiving Party produce Protected Material within fewer than

9

five days after providing a copy of the subpoena or order demanding production of said information or items to the Designating Party. Furthermore, the Receiving Party shall fully cooperate in any effort that the Designating Party may choose to make to oppose any subpoena or order in another action that seeks production of items that have been designated in this action as Protected Material.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence, or otherwise, that it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

The parties agree that any use or disclosure of Protected Material not authorized under this Stipulated Protective Order constitutes irreparable harm per se, and that the Producing Party can seek injunctive relief from the Court. The parties also agree that regardless of whether the Producing Party can show actual harm proximately caused by any unauthorized use or disclosure of Protected Material, the Producing Party can move for monetary sanctions against

10

the Receiving Party that committed the unauthorized use or disclosure. The amount of the sanctions, if any, will be determined at the discretion of the Court.

10. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

11. **MISCELLANEOUS**

11.1 **Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or

11

producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

///

///

///

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

WINSTON & STRAWN LLP

By: _____
Jonathan M. Cohen, Esq.
Luke A. Connelly, Esq.
Krista M. Enns, Esq.
Edward C. Wipper, Esq.

Attorneys for Plaintiff
GLOBAL IP SOLUTIONS, INC.

Date: September ___, 2007

MINTZ LEVIN COHEN FERRIS GLOVSKY AND POPEO, P.C.

By: _____
Dominic J. Picca, Esq.
Seth R. Goldman, Esq.

Attorneys for Defendant
DELTATHREE, INC.

Date: September 28, 2007

**IT IS SO ORDERED.**

Dated: 10/1, 2007

**ORDER**

_____
~~Hon. Richard J. Holwell~~ Donald C. Pogue
U.S. District Court *

\* by designation

12

4150624v.1

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, Southern District of New York in the case of GLOBAL IP SOLUTIONS, INC. v. DELTATHREE, INC., Case No. 07-cv-7631-RJH. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. In particular, I understand and I will comply with this Stipulated Protective Order's provisions that information designated as "Confidential" shall not be disclosed to persons other than those described in section 7.2; and all Protected Material shall be used only for purposes related to this litigation, and shall not be used for any commercial or business purpose.

I further agree to submit to the jurisdiction of the United States District Court, Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

13

4150624v.1