Luke A. Connelly, Esq.
Edward C. Wipper, Esq.
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Jonathan M. Cohen (admitted *pro hac vice*)
Krista M. Enns (application for *pro hac vice* pending)
101 California Street, Suite 3900
San Francisco, California 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Plaintiff Global IP Solutions, Inc.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GLOBAL IP SOLUTIONS, INC.            :   07 CV 7631 (DCP)
                                     :
                    Plaintiff,       :   **STIPULATION REGARDING**
                                     :   **PRELIMINARY**
                                     :   **INJUNCTION AND ORDER**
           -against-                 :
DELTATHREE, INC.                     :
                                     :
                    Defendant.       :
------------------------------------------------------------X

WHEREAS the Court scheduled a two-day hearing on Plaintiff Global IP Solutions, Inc.'s ("GIPS's") Motion for a Preliminary Injunction on December 4, 2007 and December 5, 2007;

WHEREAS Defendant Deltathree, Inc. ("Deltathree") has agreed to have a Preliminary Injunction entered against it;

WHEREAS Deltathree has stated that it used the GIPS software in question in products offered to – (1) direct customers, (2) resellers and their customers, and (3) Outsourced Platform Solutions customers and their end users;

IT IS HEREBY STIPULATED AND AGREED that as of 11:59 p.m. Eastern Time on November 5, 2007, Deltathree will have ensured that on a going forward basis:

(a) none of Deltathree's direct customers can utilize GIPS's software or any Combined Product, as "Combined Product" is defined in the OEM License and Distribution Agreement entered into by the parties on August 19, 2005;

(b) none of Deltathree's resellers and/or their customers can utilize GIPS's software or any Combined Product, as "Combined Product" is defined in the OEM License and Distribution Agreement entered into by the parties on August 19, 2005;

(c) none of Deltathree's Outsourced Platform Solutions customers and/or their end users can utilize GIPS's software or any Combined Product, as "Combined Product" is defined in the OEM License and Distribution Agreement entered into by the parties on August 19, 2005;

IT IS HEREBY STIPULATED AND AGREED that by 12:00 pm (noon) Eastern Time on November 9, 2007, except for use by its counsel in the litigation herein, Deltathree will (1) return or destroy all copies of the GIPS Integrated Programs or Combined Products

2

(including copies resident in Deltathree's computer system), and (2) certify in writing that it has done so;

IT IS FURTHER STIPULATED AND AGREED that simultaneous with the parties submitting this stipulation and proposed order, Deltathree will file with the Court a declaration signed under penalty of perjury stating:

(1) What specific steps were taken as to each product offering to ensure that GIPS's software was removed from new downloads;

(2) What specific steps were taken as to each product offering to ensure that GIPS's software is no longer used by already-existing direct customers, resellers and/or their customers, and/or Outsourced Platform Solutions customers and/or their end users;

IT IS ALSO HEREBY STIPULATED AND AGREED that Deltathree will present a 30(b)(6) witness on November 14, 2007, at the New York office of Winston & Strawn LLP, to testify about the facts set forth in the declaration, as well as the status of the conversion of Deltathree's customers off of GIPS's software;

IT IS ALSO HEREBY STIPULATED AND AGREED that Deltathree will provide a weekly report (in form ordered by Judge Swain on August 28, 2007) on November 12, 2007. If after that time, there are no users of GIPS software, then no additional reports need be provided; and

IT IS ALSO HEREBY STIPULATED AND AGREED that the preliminary injunction hearing scheduled for December 4, 2007 and December 5, 2007 shall be taken off of the Court's calendar.

\\\\

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

WINSTON & STRAWN LLP

By: _____
Jonathan M. Cohen, Esq.
Luke A. Connelly, Esq.
Krista M. Enns, Esq.
Edward C. Wipper, Esq.

Attorneys for Plaintiff
GLOBAL IP SOLUTIONS, INC.

Date: November 13, 2007

MINTZ LEVIN COHEN FERRIS GLOVSKY AND POPEO, P.C.

By: _____
Dominic J. Picca, Esq.
Seth R. Goldman, Esq.

Attorneys for Defendant
DELTATHREE, INC.

Date: November ___, 2007

**ORDER**

**IT IS SO ORDERED.**

Dated: 11/20, 2007

_____
Hon. Donald C. Pogue
U.S. District Court

SF:187486.4

4

Dominic J. Picca (DP 2376)
Seth R. Goldman (SG 2452)
MINTZ LEVIN COHN FERRIS
 GLOVSKY and POPEO, P.C.
Chrysler Center
666 Third Avenue
New York, New York 10017
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
GLOBAL IP SOLUTIONS, INC.,              :
                                        :
                    Plaintiff,          :      07 CV 7631 (RJH)
                                        :
        v.                              :      **DECLARATION OF**
                                        :      **SHIMMY ZIMELS**
DELTATHREE, INC.,                       :
                                        :
                    Defendant.          :
------------------------------------------------------------ x

Shimmy Zimels. declares, pursuant to 28 U.S.C. § 1746:

1. I am the Chief Executive Office of deltathree, Inc. ("deltathree"). I submit this Declaration in connection with the Order entered upon consent of the parties relating to the motion by plaintiff Global IP Solutions, Inc. ("GIPS") made in this action for a preliminary injunction. I am providing this Declaration to set forth the steps deltathree has taken to replace GIPS' voice engine with a replacement voice engine and to prevent and guard against going forward any use by any deltathree customer of GIPS' voice engine as of November 5, 2007.

2. On or about August 19, 2005, GIPS and deltathree entered into an OEM License and Distribution Agreement (the "Agreement") whereby deltathree licensed from GIPS the right to use GIPS's voice engine in deltathree's PC-to-phone dialer (softphone). Deltathree's softphone is sold through three of its sales channels, including (1) direct consumers, (2) resellers and their customers, and (3) Outsourced Platform Solutions customers and their end users.

4182785v.2

3. Although deltathree believes that the Agreement is still in place, due to this ongoing dispute with GIPS and GIPS' request for a preliminary injunction, in October 2007, deltathree entered into a separate license agreement with a different vendor to provide the voice engine for its PC-to-phone dialer as a replacement for the voice engine provided by GIPS under the Agreement.

4. To effect that replacement, as of November 5, 2007, deltathree instituted the following Soft phone upgrade process:

   a. deltathree only uses the GIPS software within two different versions of soft clients (dialer), specifically PC-to-Phone version 6 and PC-to-Phone version 7.0/7.1. The two versions are equipped with a remote upgrade process so that customers, when logging into deltathree's system, must upgrade to the newer version in order for the customer to make a phone call when that process is activated;

   b. A new soft phone version (7.5) was recently introduced, which uses the replacement voice engine and does not use the GIPS voice engine;

   c. The remote upgrade process forcing use of version 7.5 has been activated; and

   d. Therefore all soft phones previously using the GIPS voice engine available to deltathree's customers now require the use of version 7.5.

5. Deltathree has taken the following actions to cease the use of the GIPS' voice engine:

   a. It removed from all web sites (deltathree's web sites as well as its partners' web sites) the PC-to-Phone versions 6 and 7.0/7.1 and replaced them with version 7.5; and

      b. It notified all of its partners to stop any offline distribution of PC-to-Phone versions 6 and 7.0/7.1, and instructed them to distribute version 7.5 instead.

6. To implement the automatic upgrade process, deltathree did the following:

      a. It has updated deltathree's backend systems and has upgraded the soft phones;

      b. It has ensured that when a customer tried to login via a soft phone, he/she is prompted with a message that he/she should upgrade to a newer version. If the customer accepts the upgrade, a download process begins, followed by an automatic installation and removal of the older version. If the customer rejects the upgrade, one of two options will occur (according to the soft phone version): (i) the customer will not be able to login via the soft phone and will not be able to complete calls; or (ii) the customer will be able to login, but when placing a call he/she will hear a message saying "You are unable to complete calls with your current PC-to-Phone client. Please upgrade to the latest version." In addition, if a customer does not logout and the customer tries to place a call using one of the GIPS based soft clients (PC-to-Phone versions 6 or 7.0/7.1) after the cutoff date of November 5, he/she will hear a message saying "You are unable to complete calls with your current PC-to-Phone client, please upgrade to the latest version."

7. The events described above will be enforced after November 5, 2007. Thus, if a customer tries to reinstall the old versions or uses an old version in a later period of time, the sequence of events as described above will take place, making sure that no use of the GIPS voice engine will be allowed on the deltathree network.

8. In sum, once the upgrade process is completed on November 5, 2007, soft phones

3

version 6 and 7.0/7.1 will not be able to complete calls over the deltathree network. Thus, no customers will be able to use the GIPS software.

9.  deltathree hereby certifies that it has deleted all copies of GIPS' software and has destroyed all documentation concerning the software, except to the extent such information is with to be used in connection with this litigation. deltathree further certifies that to the extent such information has not been destroyed by reason of this litigation, deltathree will not use that information for any purpose whatsoever other than to defend itself and its rights in this litigation.

Dated: November 8, 2007

_____
Shimmy Zimels

4