```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12|4|07
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL IP SOLUTIONS, INC., <br>                Plaintiff, <br> v. <br> DELTATHREE, INC., <br>                Defendant. | ECF Case <br><br> 07 CV 7631 (DCP) <br><br> CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER |

      After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.     All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

B.     This case is to be tried to a jury.

C.     No pleadings may be amended and no additional parties may be joined without leave of Court under Federal Rule of Civil Procedure 15(a)(2).

D.     Initial Disclosures

      The parties will serve Initial Disclosures on or before January 5, 2008.

NY:1115044.1

E.  Discovery

    1.  <u>Discovery Already Served.</u>

On August 28, 2007, the Court ordered that discovery "proceed on an expedited basis as necessary in advance of the [preliminary injunction] hearing." GIPS served its first request for production of documents on September 5, 2007. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York were served on September 11, 2007. Deltathree served its first request for production of documents on September 11, 2007. Discovery continued in earnest until the entry of the Stipulated Preliminary Injunction on November 21, 2007.

    2.  <u>Discovery Going Forward.</u>

        a.  *Documents.*

Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in item 2.e. below.

        b.  *Interrogatories.*

GIPS has already served interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York. If Deltathree wishes to serve interrogatories pursuant to Rule 33.3(a), said interrogatories must be served by January 15, 2008. No other interrogatories are permitted to be served by either party except upon prior express permission of Judge Pogue. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

c.   *Depositions.*

All fact depositions must be completed by June 15, 2008. Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

d.   *Requests to Admit.*

Requests to Admit, if any, must be served by May 10, 2008.

e.   *Fact Discovery Deadline.*

All fact discovery is to be completed by June 15, 2008. Interim deadlines for 2.a. – 2.d. above may be extended by the parties on consent without application to the Court, provided parties are certain they can still meet the discovery completion date set forth in this paragraph, shall not be adjourned except upon a showing to the Court of extraordinary circumstances.

f.   *Experts.*

Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by July 1, 2008. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by August 1, 2008. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions shall be completed by August 31, 2008.

  g. All expert discovery is to be completed by August 31, 2008.

F. A final pre-trial conference shall be held on _____ [date to be inserted by the Court], at which time the Court shall set a firm trial date. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Standard Chambers Procedures and Additional Chambers Procedures.

G. All motions and applications shall be governed by Judge Pogue's Standard Chambers Procedures. Counsel shall promptly familiarize themselves with all of the Court's Standard Chambers Procedures, as well as with the Local Rules for the United States District Court for the Southern District of New York.

H. Additional matters:

  1. <u>Protective Order.</u>

On October 1, 2007, the Court signed the parties' Stipulated Protective Order. The Stipulated Protective Order includes a provision that covers the inadvertent disclosure of material marked Confidential.

  2. <u>Inadvertent Production of Privileged Documents or Information.</u>

For documents that are not marked Confidential, inadvertent production of documents or information to which a producing party claims protection of the work product or the attorney-client privilege ("Materials") shall not be considered by the Court in deciding whether the Materials are subject to any privilege provided that the producing party shall notify the receiving party, in writing, of such inadvertent production no later than ten (10) days after the first time the producing party learns of the use of any such Materials by the receiving party ("Notice"). In no event shall inadvertent disclosure of Materials constitute a waiver of any

privilege applicable to other Materials not produced that are of the same subject matter as the Materials inadvertently produced. Such inadvertently produced Materials (and all copies, if any) shall be returned to the producing party upon request within five (5) business days of a Notice unless the receiving party in good faith asserts that the Materials at issue are not properly subject to any privilege, in which case the Materials at issue shall be sequestered by the receiving party and used by the receiving party for no purpose other than a motion to the Court for a determination as to whether the Materials are subject to any privilege, pending resolution by the Court of such motion. In the event the receiving party in good faith asserts that the Materials at issue are not properly subject to any privilege, then within ten (10) business days of a Notice, the receiving party shall move the Court to resolve the issue by presenting the Materials at issue to the Court under seal. If the receiving party fails to so petition the Court within such time, it shall return the Materials (and all copies, if any) to the producing party. Materials subject to a Notice shall not be disclosed to any person other than the receiving parties' counsel or the Court under seal, and shall not be used during deposition, at trial or otherwise, unless a satisfactory agreement to do so is reached by the parties, or if the matter is submitted to the Court, until disposition of such motion. Disclosure, prior to the receipt of a Notice, to persons not authorized to receive such information shall not be deemed a violation of this Order provided the party making such disclosure takes reasonable steps to retrieve the Materials disclosed and thereafter treats such Materials in accordance with this Order.

SO ORDERED

_____
Donald C. Pogue
United States District Judge

Dated: New York, New York
       December 4, 2007

I. Any request for trial shall be filed by October 1, 2008 and shall be accompanied by a proposed order governing preparation for trial.

-5-