IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
GLOBAL IP SOLUTIONS, INC.,                    :
                                              :
                           Plaintiff,         :
          vs.                                 :     07 CV 7631 (DCP)
                                              :
DELTATHREE, INC.,                             :
                                              :
                           Defendant.         :
---------------------------------------------------------X

**DELTATHREE'S STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1, Defendant deltathree, Inc. ("Deltathree") respectfully submits this Statement of Undisputed Material Facts in Support of its Motion for Partial Summary Judgment.

1.  Deltathree is a Delaware corporation, headquartered in New York, which provides integrated Voice Over Internet Protocol ("VoIP") telephony services, products, hosted solutions, and infrastructure. *See* Declaration of Shimmy Zimels dated February 1, 2008 ("Zimels Declaration") ¶ 2.

2.  One of the products Deltathree offers is the ability to make phone calls from a customer's personal computer to a telephone, known as PC-to-Phone connectivity. This product is called a "Softphone." *See id.*

3.  Global IP Solutions, Inc. ("GIPS") (formerly Global IP Sound, Inc.) is a Delaware corporation with offices in San Francisco, California. GIPS is known for its Digital Signal Processing and IP telephony expertise. GIPS has developed and/or acquired rights to certain

software used to improve the sound quality for devices utilized to make VoIP calls. *See* Complaint of Global IP Solutions, Inc., dated August 28, 2007 ("Complaint") ¶ 2.

4. Deltathree and GIPS entered into an OEM Licensing Agreement (the "Agreement"), effective August 19, 2005, pursuant to which Deltathree licensed from GIPS the right to use GIPS's software in Deltathree's Softphone — in return for which Deltathree agreed to pay GIPS royalties. Deltathree also agreed to use GIPS's support services for the software, and pay fees for those services. *See* Zimels Declaration ¶ 3; Agreement (Exhibit A to Zimels Declaration).

5. The Agreement is a comprehensive and detailed 17-page contract (including four appendices) that attempts to address all aspects of the parties' business relationship — from announcing the relationship on the Norwegian Financial Bulletin Board to the GIPS copyright notice Deltathree was obligated to include with its Softphone. *See, e.g.*, Agreement § 6.2, Appendix D § 2.1.

6. The Agreement recites that the parties negotiated it "with the advice of counsel and approval of their authorized representatives." Agreement § 16.7.

7. The Agreement includes a severability clause, and an integration clause stating that it constituted the entire agreement between the parties on the subject matter. Agreement §§ 16.4, 16.8.

8. The Agreement also contains a choice-of-law clause: "This Agreement is governed by the laws of New York .... Choice of law rules do not apply ...." Agreement § 16.3.

9. In addition to a number of more specific limitations of liability interwoven throughout the Agreement (*see, e.g.,* Agreement §§ 8.3, 10.2, 10.4, 12.1 and 14.6), the Agreement includes a general "Limitation of Liability" section in Article 13. Every word of each of the three subsections of Article 13 is in all capital letters (the bold emphasis is added below). Section 13.1 provides:

> EXCEPT FOR INDEMNIFICATION OBLIGATIONS OF A PARTY UNDER SECTIONS 12.1 OR 12.3, AS APPLICABLE, OR CLAIMS BY GIPS RELATING TO MISAPPROPRIATION OR INFRINGEMENT OF ITS INTELLECTUAL PROPERY BY LICENSEE, **NEITHER PARTY IS LIABLE TO THE OTHER FOR INDIRECT, CONSEQUENTIAL, OR PUNITIVE DAMAGES OF ANY KIND (INCLUDING BUT NOT LIMITED TO LOST PROFITS) RELATING TO THIS AGREEMENT** OR THE USE OR PERFORMANCE OF THE GIPS SOFTWARE ... OR THE PROVISION OF SERVICES, REGARDLESS OF THE THEORY OF LIABILITY.

Section 13.2 provides:

> EXCEPT FOR INDEMNIFICATION OBLIGATIONS OF A PARTY UNDER SECTIONS 12.1 OR 12.3, AS APPLICABLE, **IN NO EVENT DOES GIPS'S OR DELTATHREE'S AGGREGATE LIABILITY UNDER THIS AGREEMENT OR FOR BREACH OF THIS AGREEMENT**, WHETHER IN CONTRACT, TORT (INCLUDING NEGLIGENCE), STRICT LIABILITY, OR ANY OTHER LEGAL THEORY, **EXCEED THE TOTAL AMOUNTS PAID BY DELTATHREE TO GIPS UNDER THIS AGREEMENT**.

Section 13.3 provides:

> THE LIMITATIONS IN ARTICLES 13.1, AND 13.2 APPLY EVEN IF THE OTHER PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES AND NOTWITHSTANDING THE FAILURE OF THE ESSENTIAL PURPOSE OF ANY LIMITED REMEDY, BUT DO NOT LIMIT LIABILITY FOR DEATH OR BODILY INJURY CAUSED BY EITHER PARTY'S GROSS NEGLIGENCE OR WILLFUL MISCONDCUT.

10. The initial draft of the Agreement that Deltathree received was a form agreement prepared by, and regularly used by GIPS. *See* Zimels Declaration ¶ 4; Draft Agreement (Exhibit B to the Zimels Declaration).

11. Section 13.2 of this initial draft provided a limitation of liability for GIPS. Deltathree negotiated to make that limitation reciprocal, and Section 13.2 of the executed Agreement (quoted above) provides a limitation of liability for both GIPS and Deltathree. *See* Zimels Declaration ¶ 5; Draft Agreement § 13.2.

12. After signing the Agreement and receiving GIPS's software, in October 2005, Deltathree completed its up-front payments to GIPS, totaling $80,000 — $60,000 in "platform fees" for the software platform; $15,000 in advance royalties; $3,000 as a pre-payment for three months of GIPS support services; and $2,000 for product testing. *See* Zimels Declaration ¶ 6; Agreement Appendix C. Deltathree's subsequent royalty and fee payments to GIPS brought the total paid under the Agreement to $111,350. *See* Zimels Declaration ¶ 6; Invoices (Exhibit C to Zimels Declaration).

13. On or about July 19, 2007, GIPS sent a letter to Deltathree in which GIPS purported to advise Deltathree that the Agreement would terminate on July 31, 2007. The letter claimed material breaches of the Agreement by Deltathree and demanded that as of July 31, Deltathree cease "the further marketing, sale and distribution" of Deltathree products including GIPS software, and return or destroy all copies of GIPS software. *See* Zimels Declaration ¶ 7; July 19 GIPS Letter (Exhibit D to Zimels Declaration).

14. On or about July 25, 2007, Deltathree sent a letter to GIPS replying to its July 19 letter. Deltathree's letter disputed GIPS's claims of material breach and stated that (in any event) Deltathree had completely cured all alleged breaches. The letter stated Deltathree's position that there was no "legitimate or permissible ground for [GIPS] to claim that the Agreement will terminate," and that an immediate termination "would cause material harm and damages to

[D]eltathree" — which had "invested significant time and resources" in integrating GIPS's software.  *See* Zimels Declaration ¶ 8; July 25 Deltathree Letter (Exhibit E to the Zimels Declaration).

Dated:  New York, NY
        February 5, 2008

                                        Dominic J. Ricca (DP 2376)
                                        Seth R. Goldman (SG 2452)
                                        MINTZ LEVIN COHN FERRIS
                                        GLOVSKY AND POPEO, P.C.
                                        666 Third Avenue
                                        New York, New York 10017
                                        Attorneys for Defendant
                                        Tel:  212-692-6845
                                        Fax:  212-983-3115