IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
GLOBAL IP SOLUTIONS, INC.,                    :
                                              :
                    Plaintiff,                :       07 CV 7631 (DCP)
                                              :
        vs.                                   :       DECLARATION OF
                                              :       SHIMMY ZIMELS
DELTATHREE, INC.,                             :
                                              :
                    Defendant.                :
------------------------------------------------------------x
```

Shimmy Zimels declares, pursuant to 28 U.S.C. § 1746:

1.      I am President and Chief Executive Officer of defendant deltathree, Inc.

("Deltathree"). I respectfully submit this declaration in support of Deltathree's Motion for

Partial Summary Judgment.

2.      Deltathree is a Delaware corporation, headquartered in New York, which provides

integrated Voice Over Internet Protocol ("VoIP") telephony services, products, hosted solutions

and infrastructure. One of the products Deltathree offers is the ability to make phone calls from

a customer's personal computer to a telephone, known as PC-to-Phone connectivity. This

product is called a "Softphone."

3.      Deltathree and Global IP Solutions, Inc. ("GIPS") (formerly Global IP Sound,

Inc.) entered into an OEM Licensing Agreement (the "Agreement"), effective August 19, 2005.

In the Agreement, Deltathree licensed from GIPS the right to use GIPS's software in

Deltathree's Softphone and agreed to pay GIPS royalties. Deltathree also agreed to use GIPS's

support services for the software, and pay fees for those services. Attached as Exhibit A is a true

and correct copy of the executed Agreement.

4.      On information and belief, the initial draft of the Agreement that Deltathree received was a form agreement prepared by, and regularly used by GIPS.  Attached as Exhibit B is a true and correct copy of the initial draft, as GIPS produced it to Deltathree in this case.

5.      Section 13.2 of this initial draft provided a limitation of liability for GIPS. Deltathree negotiated to make that limitation reciprocal, and Section 13.2 of the executed Agreement (Exhibit A) provides a limitation of liability for both GIPS and Deltathree.

6.      After signing the Agreement and receiving GIPS's software, in October 2005, Deltathree completed its up-front payments to GIPS, totaling $80,000 — $60,000 in "platform fees" for the software platform; $15,000 in advance royalties; $3,000 as a pre-payment for three months of GIPS support services; and $2,000 for product testing.  Deltathree's subsequent royalty and fee payments to GIPS brought the total paid under the Agreement to $111,350. Attached as Exhibit C are true and correct copies of the invoices corresponding to those payments.

7.      On or about July 19, 2007, I received a letter from GIPS counsel Glen R. Jones in which GIPS purported to advise Deltathree that the Agreement would terminate on July 31, 2007.  The letter claimed material breaches of the Agreement by Deltathree and demanded that as of July 31, Deltathree cease "the further marketing, sale and distribution" of Deltathree products including GIPS software, and return or destroy all copies of GIPS software.  Attached as Exhibit D is a true and correct copy of Mr. Jones's letter.

8.      On or about July 25, 2007, Deltathree's General Counsel at the time, Eugene Serban, sent a letter to Mr. Jones replying to his July 19 letter.  Mr. Serban's letter disputed GIPS's claims of material breach and stated that (in any event) Deltathree had completely cured all alleged breaches.  The letter stated Deltathree's position that there was no "legitimate or

- 2 -

permissible ground for [GIPS] to claim that the Agreement will terminate," and that an immediate termination "would cause material harm and damages to [D]eltathree" — which had "invested significant time and resources" in integrating GIPS's software.  Attached as Exhibit E is a true and correct copy of Mr. Serban's letter.

      I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

_____
Shimmy Zimels

Dated:  February 1, 2008

# TABLE OF EXHIBITS

Exhibit

Executed License Agreement ............................................................................................ A

Draft License Agreement .................................................................................................. B

Invoices ............................................................................................................................. C

GIPS Termination Letter.................................................................................................. D

deltathree's Response to GIPS Termination Letter ......................................................... E