UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GLOBAL IP SOLUTIONS, INC.,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff,　　　　　　　　　:　　　07 CV 7631 (DCP)
　　　　　　　　　　　　　　　　　　　　　　:
vs.　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
DELTATHREE, INC.,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendant.　　　　　　　　　:
------------------------------------------------------------------x

## DELTATHREE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A STAY OF DISCOVERY

MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
Dominic J. Picca (DP 2376)
Seth R. Goldman (SG 2452)
666 Third Avenue
New York, New York 10017
Attorneys for Defendant
Tel: 212-692-6845
Fax: 212-983-3115

*Attorneys for Defendant deltathree, Inc.*

February 25, 2008

## PRELIMINARY STATEMENT

Defendant deltathree, Inc., ("Deltathree") respectfully submits this memorandum of law in support of its motion for a stay of discovery, pursuant to Federal Rule of Civil Procedure 26(c).

Deltathree has filed a motion for partial summary judgment that should lead to the disposition of this controversy with Global IP Solutions, Inc. ("GIPS") concerning the parties' OEM Licensing Agreement (the "Agreement"). Deltathree's motion asks this Court to enforce the Agreement's unambiguous limitation-of-liability clause and rule that if Deltathree tenders the maximum liability amount — without conceding liability — the Court will enter final judgment terminating this case. The purpose of Deltathree's motion is to cut to the chase and resolve this action without needlessly protracted and expensive proceedings, which would cost much more than the case is worth. In that vein, Deltathree requested that GIPS consent to a stay of discovery, which request GIPS declined to accept. Having been rebuffed, Deltathree now seeks this Court's intervention to stay discovery and preserve the possibility of Deltathree obtaining the practical relief its motion for summary judgment seeks.

The motion to stay discovery is meritorious, a stay need not last long, and GIPS will suffer no prejudice thereby. Indeed, a stay will benefit all parties because, based upon the Court's decision on Deltathree's motion for partial summary judgment, the parties will know if the case will continue at all and, if so, what is the true amount at stake, which would inform their decision whether and how to litigate. Conversely, continued discovery while the summary judgment motion is pending would subject the parties to substantial and potentially unnecessary burdens and certainly would defeat the purpose of Deltathree's summary judgment motion. GIPS will oppose it for the *in terrorem* effect of encumbering Deltathree with incremental discovery costs, but a

stay of discovery pending disposition of Deltathree's motion for partial summary judgment would serve the best interests of all concerned. Accordingly, Deltathree respectfully requests that the Court grant its motion to stay discovery pending the Court's determination of Deltathree's motion for partial summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Deltathree and Global IP Solutions, Inc. ("GIPS") entered into an OEM Licensing Agreement (the "Agreement"), effective August 19, 2005, pursuant to which Deltathree licensed from GIPS the right to use GIPS's software in Deltathree's Softphone — in return for which Deltathree agreed to pay GIPS royalties. *See* Deltathree's Memorandum of Law in Support of its Motion for Partial Summary Judgment ("Deltathree P.S.J. Br.") at 2. Deltathree also agreed to use GIPS's support services for the software, and pay fees for those services. *See id.* The Agreement included a general "Limitation of Liability" section in Article 13, which limited the aggregate liability of either party to the total amount Deltathree paid to GIPS under the agreement: $111,350. *See id.* at 5.

On August 28, 2007, following a dispute between the parties about how royalties were to be calculated under the Agreement, GIPS commenced this action. *See* Complaint of Global IP Solutions, Inc., dated August 28, 2007. GIPS's claims include: copyright infringement, breach of contract, and breach of the implied covenant of good faith and fair dealing. *Id.* On September 21, 2007, Deltathree filed an Answer denying those allegations, including that Deltathree breached the Agreement.

To date, the parties have exchanged initial disclosures, interrogatories, document requests and requests for admissions and have produced documents and responses to the interrogatory requests. *See* Declaration of Dominic Picca ("Picca Declaration"), dated February 25, 2008 at ¶

2, filed herewith. After filing its summary judgment motion, Deltathree asked GIPS whether it would consent to a stay of discovery pending disposition of the motion, but GIPS refused. Picca Decl. at ¶ 4. Shortly after Deltathree filed its motion, GIPS served a deposition notice seeking to depose Deltathree's CEO, Shimmy Zimels, on February 28, 2008. *See id.* at ¶ 5. Pursuant to the Civil Case Management and Scheduling Plan that was entered by the Court on December 4, 2007, the deadline for completing fact discovery is June 15, 2008. The deadline for completing expert discovery is August 31, 2008.

On February 6, 2008, Deltathree filed a motion for partial summary judgment based on the Agreement's unambiguous limitation of liability. In its motion, Deltathree seeks a ruling that GIPS's potential recovery is limited to $111,350. Since Deltathree recognizes that it cannot adequately defend itself through the completion of discovery and full summary-judgment briefing for less than that amount, the summary judgment motion further requests a ruling that if Deltathree tenders $111,350 to GIPS without admitting liability, the Court will enter final judgment disposing of the case. Finally, the summary judgment motion asks the Court to dismiss GIPS's duplicative claim for breach of the implied covenant of good faith and fair dealing. *See, e.g.,* Deltathree P.S.J. Br. at 1, 23. By order of the Court, GIPS will file its opposition brief on February 29 and Deltathree will file its reply brief on March 17. *See* Picca Declaration ¶ 6.

## ARGUMENT

### I.  A STAY OF DISCOVERY IS APPROPRIATE PENDING RESOLUTION OF DELTATHREE'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

"Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court has discretion to stay discovery for good cause." *Spencer Trask Software and Info. Services, LLC v. RPost International Limited*, 206 F.R.D. 367-68 (S.D.N.Y. 2002) (internal quotation marks omitted). Courts hold that good cause "may be shown where a party has filed a dispositive motion, the stay is for

a short period of time, and the opposing party will not be prejudiced by a stay." *Id.* at 368. Other factors courts consider in weighing whether to grant a stay of discovery include the "breadth of discovery sought and the burden of responding to it." *Id.* Lastly, courts should "also consider the strength of the dispositive motion that is the basis of the discovery stay application." *Id.*

In *Spencer Trask*, the defendants moved for a stay of discovery pending resolution of their motion to dismiss. The Court granted a stay, observing that, although "this court cannot attempt to predict the outcome of the motion to dismiss ... the court notes at this preliminary stage that defendants do appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in the lawsuit." 206 F.R.D. at 368. Although the plaintiffs opposing the stay argued that "the breadth of discovery sought [was] not terribly outrageously broad, nor [was] the burden substantial," the Court nevertheless ruled that "proceeding with discovery while the motion to dismiss was pending would unnecessarily drain the parties' resources." *Id.*

This Court also stayed discovery while a dispositive motion was pending in *Johnson v. New York Univ. School of Ed.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). In granting the stay, the Court found that the defendant's motion to dismiss was potentially dispositive and did not appear to be unfounded in the law. The Court further found that "adjudication of the pending motion to dismiss may obviate the need for burdensome discovery." *See* 205 F.R.D. at 433-34.

Similarly, in *Cuartero v. USA*, the court granted a stay of discovery pending a decision on the defendant's motion to dismiss, finding that "permitting discovery to proceed would be unduly burdensome" and would be "inefficient for both parties, since the court's decision on the motion to dismiss may significantly narrow the issues." *See* 2006 U.S. Dist. LEXIS 79641, at *6-7 (D. Conn. Nov. 1, 2006).

Moreover, this Court has stayed discovery pending resolution of motions for partial summary judgment. *See Flaherty v. Filardi*, 388 F. Supp. 2d 274, 283, 292 (S.D.N.Y. 2005) (overruling objection to magistrate judge's order staying discovery pending resolution of partial-summary-judgment motion); *Mashreqbank PSC v. Heller Fin., Inc.*, 2001 WL 11065, at *1 n.1 (S.D.N.Y. Jan. 4, 2001) (noting that Court had stayed discovery pending outcome of partial-summary-judgment motion).

## II.   DELTATHREE HAS ESTABLISHED GOOD CAUSE FOR A STAY OF DISCOVERY.

Applying the various factors set forth in *Spencer Trask*, Deltathree more than satisfies its burden of establishing good cause for obtaining a stay of discovery under Rule 26(c). *First*, although Deltathree styled its motion as one for partial summary judgment, for all intents and purposes it is a dispositive motion. Deltathree seeks a ruling not only on its maximum liability but also that if it tenders the maximum amount without admitting liability — as it is fully prepared to do — the Court will enter final judgment disposing of the entire case.

Further, Deltathree's motion is strong. It simply requests the Court to enforce an unambiguous limitation-of-liability clause that provides that "IN NO EVENT DOES GIPS'S OR DELTATHREE'S AGGREGATE LIABILITY UNDER THIS AGREEMENT OR FOR BREACH OF THIS AGREEMENT ... EXCEED THE TOTAL AMOUNTS PAID BY DELTATHREE TO GIPS UNDER THIS AGREEMENT." *See* Deltathree P.S.J. Br. Thus, Deltathree easily exceeds the modest benchmark for assessing the strength of a dispositive motion in considering a stay.

In *Spencer Trask*, the Court granted a stay where the defendants presented substantial arguments for dismissal of many, but perhaps not all, of plaintiffs' claims. *See* 206 F.R.D. at 368.

And in *Johnson*, the defendant's motion to dismiss merely did not appear to be unfounded. *See* 205 F.R.D. at 433-34; *accord, e.g., Gandler v. Nazarov*, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (granting stay where defendant's motion to dismiss "appears to be not unfounded in the law"). Deltathree's motion does much more than appear not to be unfounded. The motion seeks enforcement of a contract clause that speaks for itself.

*Second*, the stay here need only be for "a short period of time." *See Spencer Trask*, 206 F.R.D. at 368. Deltathree's motion will be fully submitted as of March 17, which is three months before fact discovery currently is scheduled to close and five months before all discovery is to end. A stay of discovery pending the decision on the Motion therefore will not "unnecessarily delay the action." *See id.*

*Third*, GIPS "will not be prejudiced by the stay." GIPS's opposition to the partial-summary-judgment motion is due imminently and GIPS needs no additional discovery to respond. As Deltathree argued in its motion, "it is well settled that extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face," as the Agreement here is. *See W.W.W. Assocs., Inc. v. Giancontieri*, 77 N.Y.2d 157, 162, 565 N.Y.S.2d 440, 443 (1990); Deltathree P.S.J. Br. at 9-13. Furthermore, should the Court deny Deltathree's motion for summary judgment, the parties should have sufficient time to complete discovery under the current deadline.[1]

The only documents Deltathree adduced in support of its motion, by way of the Declaration of Shimmy Zimels are: (a) the Agreement itself; (b) the two letters that precipitated the lawsuit, which GIPS relied upon in its complaint (*see* Compl. at ¶¶ 66-85); (c) GIPS's own invoices,

---

[1] Moreover, no party has requested any extension of discovery yet in the case. So, assuming one is necessary to address the parties' schedules, such a request would not seem unreasonable and could be permitted under the Scheduling Order in place in this case. Picca Dec. ¶ 3.

showing the undisputed amount Deltathree paid under the Agreement; and (d) a draft of the Agreement that **GIPS** produced and that **GIPS** held out to the Court as the initial draft. GIPS cannot be heard to argue that it needs additional discovery to probe these documents, and the Court needs no additional evidence to construe the unambiguous limitation of liability.

Nor will a stay prejudice GIPS beyond the partial-summary-judgment motion. If the Court rules in Deltathree's favor, the case will be terminated and GIPS will have saved time and money pursuing discovery rendered moot. If the Court were to deny the motion, the parties can resume discovery where they left off. Since Deltathree consented to a preliminary injunction in this case in November of last year, this case became simply a breach of contract case in which GIPS seeks a finite sum in damages. GIPS cannot now claim a need for urgent and immediate relief.

*Fourth*, Deltathree's "burden of responding" to discovery is "substantial." *See Spencer Trask*, 206 F.R.D. at 368. GIPS is demanding additional document production and the parties would be required to conduct an international deposition campaign, with witnesses located in Gibraltar and Israel. *See* Picca Decl. at ¶ 5. Discovery need not be terribly burdensome to warrant a stay (*see Spencer Trask*, 206 F.R.D. at 368), and the discovery remaining here certainly is burdensome enough. Additional discovery while Deltathree's motion is pending would "unnecessarily drain" the resources of both parties as well as the Court, to the extent it would be called upon to resolve discovery disputes. *See id.*

Finally, this Court has recognized the sensibility of rendering an early ruling on limitation of liability to spare the parties unnecessary expense, so much so that it agreed to render such a ruling even in the absence of formal motion practice. In *World-Link, Inc. v. Citizens Telecom. Co.*, the parties wished to avoid the cost of extensive motion papers and asked the Court for its

interpretation of a limitation-of-liability clause in their contract, based only on short submissions. Noting that, "[a]rmed with such an interpretation, the parties will be in a position to undertake further settlement discussions, make formal summary judgment motions, or seek other relief," the Court obliged. *See* 2000 WL 1877065, at *1 (S.D.N.Y. December 26, 2000).

That type of common-sense approach is just what this case needs. It would be senseless to continue expensive discovery pending the Court's ruling on the limitation of liability, given Deltathree's willingness to pay the maximum amount to dispose of this litigation. The prime directive of the Federal Rules of Civil Procedure is that they "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In this action, that directive mandates a stay under Rule 26(c).

## CONCLUSION

For the foregoing reasons, Deltathree respectfully requests that the Court grant its motion for a stay of discovery pending the Court's decision on Deltathree's motion for partial summary judgment.

Respectfully submitted,

By: _____
Dominic A. Picca (DP 2376)
Seth R. Goldman (SG 2452)
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
666 Third Avenue
New York, New York 10017
Attorneys for Defendant
Tel: 212-692-6845
Fax: 212-983-3115

*Attorneys for Defendant deltathree, Inc.*