# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON, EC4N 8NH

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

(415) 591-1000

FACSIMILE (415) 591-1400

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

JONATHAN M. COHEN
ATTORNEY AT LAW
(415) 591-1483
jcohen@winston.com

February 26, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/28/08

**BY FACSIMILE**

Honorable Donald C. Pogue
United States Court of International Trade
One Federal Plaza
New York, New York 10278-0001

Re:    Global IP Solutions, Inc. v. Deltathree, Inc., No. 07 CV 7631

Dear Judge Pogue:

      As you know, this firm represents Plaintiff Global IP Solutions, Inc. ("GIPS") in the above-referenced matter. We write in response to Defendant deltathree, Inc.'s ("Deltathree's") Motion for a Stay of Discovery, which was filed late yesterday, February 25, 2008, and to advise the Court of GIPS's position in advance of the scheduled telephone conference at 3:00 p.m. today, February 26, 2008.

      There are less than four months until the close of fact discovery: June 15, 2008. See Civil Case Management Plan and Scheduling Order at 3. While Deltathree suggested in mid-December 2007 that it intended to make a Motion for Partial Summary Judgment ("Motion"), Deltathree did not indicate until after it filed the Motion that it would seek a stay on all discovery. At the same time, Deltathree made the conscious choice to submit its Motion with documents not yet produced to GIPS. See Zimels Declaration Ex. C.[1] (The documents attached as Exhibit C clearly were responsive to GIPS's initial request for production of documents (served in September 2007), thus indicating that its initial production was not complete.)

      Notwithstanding these facts, Deltathree has filed its Stay Motion seeking a discovery stay of indeterminate length. Granted, Deltathree purports that "a stay need not last long." Memorandum in Support of Stay Motion ("Mem.") at 1. However, Deltathree makes this statement without knowing this Court's schedule or taking into account the speed with which the Court can address the Motion for Partial Summary Judgment. To the contrary, Deltathree seeks a stay of discovery "pending the Court's determination of [its] motion for partial summary judgment." Mem. at 2.

---

[1] Deltathree produced the documents comprising Exhibit C on February 12, 2008.

**WINSTON & STRAWN LLP**

February 26, 2008
Page 2

      While GIPS disagrees with Deltathree's position that discovery should be stayed, it has been far from unreasonable. As to the February 14, 2008 conversation that occurred between me and Mr. Picca, my recollection is different. After he raised the issue of staying all discovery during that conversation, I remember telling him that I needed to take his request back to my client and review what facts he had put forward in support of the Motion. The next time he raised the issue was on February 22, 2008, shortly after the parties' faxed their stipulation to the Court about the briefing schedule for the Motion. At that point, he informed me by email that he would be filing the Stay Motion on Monday. (To our knowledge, this filing was done without complying with S.D.N.Y. Local Rule 37.2, which requires the moving party in a discovery dispute to request an informal conference with the Court.) Rather than insist that Mr. Picca, as the moving party, comply with the Local Rules, my colleague Krista Enns agreed to set up an informal conference with the Court.

      I did not reject Mr. Picca's proposal for a discovery stay. Even before knowing that he would file Deltathree's motion papers, and notwithstanding the call arranged for 3:00 p.m. today, yesterday my office drafted and sent Mr. Picca a proposed stipulation and order providing a limited stay on discovery. To take the concerns of both parties into account (Deltathree's that discovery not occur while its Motion is pending, and GIPS's that the stay not affect the discovery deadlines), the proposed stipulation sets forth that discovery should be stayed until this Court rules on the motion or April 8, 2008 – whichever comes first. *Compare* Mem. at 1 (claiming that "GIPS will oppose [the Motion] for the *in terrorem* effect of encumbering Deltathree with incremental discovery costs").

      In short, and as explained to Mr. Picca on Friday and yesterday, motion practice before this Court on the discovery stay seems unnecessary. If, however, Deltathree's position is that it will not compromise and Deltathree insists that the parties fully brief and argue the Stay Motion, GIPS respectfully seeks the opportunity to review in detail Deltathree's papers and respond in due course – after the deadline for GIPS to file its opposition to the partial summary judgment motion (February 29).

Respectfully Submitted,

Jonathan M. Cohen

JMC:kme

cc    Dominic J. Picca, Esq. (via facsimile)