UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                            :

GLOBAL IP SOLUTIONS, INC.                          :      07 CV 7631 (RJH)

                          Plaintiff,                         :

                     -against-                        :

DELTATHREE, INC.                                        :

                         Defendant.                     :
------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE SHIMMY ZIMELS' DECLARATION OR, IN THE ALTERNATIVE, DISREGARD IT

WINSTON & STRAWN LLP

By: Luke A. Connelly, Esq.
     Edward C. Wipper, Esq.
     200 Park Avenue
     New York, New York 10166
     Telephone:   (212) 294-6700
     Facsimile:    (212) 294-4700

Jonathan M. Cohen
(admitted *pro hac vice*)
Krista M. Enns
(admitted *pro hac vice*)
101 California Street, Suite 3900
San Francisco, California  94111
Telephone:   (415) 591-1000
Facsimile:    (415) 591-1400

*Attorneys for Plaintiff Global IP Solutions, Inc.*

INTRODUCTION

For a declaration to properly support a summary judgment motion, that declaration must be made on personal knowledge and show that the declarant is competent to testify on the matters set forth in the declaration. The only declaration submitted in support of Defendant deltathree Inc.'s ("Deltathree's") Motion for Partial Summary Judgment ("Motion"), however, fails in both respects. For this reason, the Court should strike it in its entirety. In the alternative, the Court should either disregard the entire Zimels Declaration or strike or disregard the following parts: paragraph 4, paragraph 5, and Exhibit C.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 56(e) requires that any declaration submitted in support of a motion for summary judgment "must be made on personal knowledge" and show that the declarant "is competent to testify on the matters stated." Fed. R. Civ. P. 56(e). "In evaluating evidence related to possible summary judgment, a court may not consider affidavits that do not satisfy the requirements of Fed. R. Civ. P. 56(e)." *El Deeb v. Univ. of Minn.*, 60 F.3d 423, 429 (8th Cir. 1995). When a declaration is not based on personal knowledge, contains inadmissible hearsay, or makes generalized and conclusory statements, the court may strike the declaration (or the offending parts thereof.) *See Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999, *abrogated on other grounds*, *Schnabel v. Abramson*, 232 F.3d 83 (2d Cir. 2000). In the alternative, a court may "simply decline to consider those aspects of a supporting affidavit that do not appear to be based on personal knowledge or are otherwise inadmissible." *Doe v. Nat'l Bd. of Podiatric Med. Examiners*, No. 03 Civ. 4034, 2004 WL 912599, at *4 (S.D.N.Y. Apr. 29, 2004) (Sweet, J.).

## II.  ARGUMENT

A. **Because The Zimels Declaration Does Not Purport To Be Based On Personal Knowledge, It Should Be Stricken In Its Entirety – Or, In the Alternative, Disregarded.**

As set forth in Federal Rule of Civil Procedure 56(e), a declaration submitted in support of a motion for summary judgment "must be made on personal knowledge." Fed. R. Civ. P. 56(e).  Mr. Zimels, however, does not purport to have personal knowledge about any of the subjects raised by his declaration.  Rather, he merely states that he is Deltathree's President and Chief Executive Officer and that his declaration is being submitted in support of Deltathree's Motion for Partial Summary Judgment.  Because the declaration does not identify what – if anything – is based on Mr. Zimels's personal knowledge, the declaration should be stricken in its entirety or, at a minimum, disregarded.  *See Millgard Corp. v. White Oak Corp.*, 224 F. Supp. 2d 425, 429 (D. Conn. 2002) ("The statements of [the declarant] will not be considered as they do not indicate that he possessed personal knowledge regarding the matters set forth. Fed. R. Civ. P. 56(e).").

B. **Even If The Zimels Declaration Is Not Stricken In Its Entirety – Certain Paragraphs And Exhibits Should Be Stricken – Or, In the Alternative, Disregarded.**

   1. Paragraph 4

Paragraph 4 of the Zimels Declaration is set forth "[o]n information and belief."  This paragraph must be stricken because Rule 56(e)'s requirement that "affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'" *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004).  Indeed, the perils of authenticating a document without personal knowledge are clearly illustrated by paragraph four.  According to Mr. Zimels, attached to his declaration as Exhibit B is a true and correct copy of "the initial draft" of the Agreement.  *See* Zimels Decl. ¶ 4.  This, however, is not the case.  As illustrated by the evidence GIPS has submitted, Exhibit B is a draft of the Agreement that was transmitted

3

internally at GIPS the day before the parties finalized and signed the Agreement. *See* Zeichick Decl.[1] ¶¶ 17-18; Abbati Decl.[2] ¶ 4; *see also* 56.1 Opposition[3] Response No. 4 & Statement No. 18. Further, Mr. Zimels did not participate in the negotiation of the Agreement, *see* Zeichick Decl. ¶ 8, and, therefore, has no personal knowledge about the negotiations, which violates Rule 56(e). Accordingly, Paragraph 4 should be stricken or, in the alternative, disregarded.

    2.    <u>Paragraph 5</u>

For the substance of paragraph 5, Mr. Zimels operates under the same flawed assumption he made on information and belief in paragraph 4 – that Exhibit B is the "initial draft" of the Agreement. As illustrated above, declarations cannot be made on information and belief. Therefore, this paragraph also should be stricken or disregarded. Paragraph 5 should be stricken or disregarded for the additional reason that Mr. Zimels did not participate in the negotiations between Deltathree and GIPS. *See* Zeichick Decl. ¶ 8. Because he did not participate in the negotiations, he does not have personal knowledge and, therefore, Paragraph 5 does not meet the standard set forth in Rule 56(e). Consequently, Paragraph 5 should be stricken or, in the alternative, disregarded. *See also* Rule 56.1 Opposition Response No. 5.

    3.    <u>Exhibit C</u>

Attached as Exhibit C to the Zimels Declaration "are true and correct copies of the invoices corresponding" to the $111,350 in payments Deltathree made to GIPS under the Agreement. Although he attempts to authenticate the documents comprising Exhibit C, Mr. Zimels does not purport to have personal knowledge about them. Nor does he set forth why he is competent to testify about these documents, which violates Rule 56(e). The documents collected

---

[1] Declaration of Jeff Zeichick in Support of Plaintiff's Motion to Strike Shimmy Zimels' Declaration and of Plaintiff's Opposition to Defendant Deltathree Inc.'s Motion for Partial Summary Judgment ("Zeichick Decl.").
[2] Declaration of Edward Abbati in Support of Plaintiff's Motion to Strike Shimmy Zimels' Declaration and of Plaintiff's Opposition to Defendant Deltathree Inc.'s Motion for Partial Summary Judgment ("Abbati Decl.").
[3] Plaintiff's Local Rule 56.1(b) Statement in Opposition to Deltathree Inc.'s Motion for Partial Summary Judgment ("56.1 Opposition").

as Exhibit C themselves also raise various questions. First, while the majority of these documents appear to be invoices, the last page does not. Rather, the last page of Exhibit C looks like a summary prepared for the purpose of supporting the Motion. Second, these documents were not produced to GIPS before the Motion was filed.[4] *See* Zimels Decl. Ex. C. Belatedly realizing this, Deltathree produced bates labeled versions to GIPS the week after the Motion was filed. *See* Cohen Decl. ¶ 6. With its production, Deltathree provided no information about who the document custodian(s) of these documents is, or whether the final page of Exhibit C is a summary. And it appears that the summary has errors. For example, the summary purports that invoice number 1893 is a "GIPS Qtrly Royalty Report" in the amount of $3,000. *See* Zimels Decl. Ex. C. The invoice number 1893, however, is for "Basic Support – VoiceEngine Advanced GIPS Quarterly Support per OEM agreement dated Aug. 19, 2005." *Id.* In addition, although the chart lists invoice number 1087-0B, Deltathree has produced no corresponding invoice.[5] Mr. Zimels does not purport to have personal knowledge about the invoices, he does not explain how the invoices "correspond" to Deltathree's payments to GIPS, and he does not explain who prepared the summary. . *See also* 56.1 Opposition Response No. 12.

### III. CONCLUSION

As discussed herein, because the Zimels Declaration does not purport to be based on personal knowledge and does not show that Mr. Zimels is competent to testify to the matters set forth in his declaration, the Court should strike the declaration in its entirety. In the alternative, the Court should either disregard the entire Zimels Declaration or, at a minimum, paragraphs 4, paragraph 5, and Exhibit C should be stricken or disregarded.

---

[4] As with Exhibit C to the Zimels Declaration, Exhibit E – a July 25, 2007 letter from Deltathree to GIPS – was not bates labeled. It is unclear why Deltathree chose to submit a non-bates-labeled version of this document with its Motion because it produced a copy of the letter, *see* Cohen Decl. ¶ 7.
[5] Based on the documents produced, this could be a transcription error. *See* Zimels Decl. Exhibit C (listing 1893 as the invoice number and GIPS's contract ID number as 1087-0B). The amount on invoice number 1893 is the same for the entry on the chart listed as invoice number 1087-0B.

Dated: New York, New York
      February 29, 2008

                Respectfully Submitted,

                WINSTON & STRAWN LLP

                /s/ Krista M. Enns

By:   Luke A. Connelly, Esq.
      Edward C. Wipper, Esq.
      WINSTON & STRAWN LLP
      200 Park Avenue
      New York, NY 10166-4193
      Telephone:   (212) 294-6700
      Facsimile:   (212) 294-4700

      Jonathan M. Cohen, Esq.
      *Admitted pro hac vice*
      Krista M. Enns, Esq.
      *Admitted pro hac vice*
      WINSTON & STRAWN LLP
      101 California Street, Suite 3900
      San Francisco, CA  94111-5894

      *Attorneys for Plaintiff Global IP Solutions, Inc.*

SF:200136.2