Dominic J. Picca (DP 2376)
Seth R. Goldman (SG 2452)
MINTZ LEVIN COHN FERRIS
  GLOVSKY and POPEO, P.C.
Chrysler Center
666 Third Avenue
New York, New York 10017
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GLOBAL IP SOLUTIONS, INC.,                   :
                                             :
                    Plaintiff,               : 07 CV 7631 (DCP)
                                             :
         v.                                  : **SUPPLEMENTAL**
                                             : **DECLARATION OF**
DELTATHREE, INC.,                            : **SHIMMY ZIMELS**
                                             :
                    Defendant.               :
-----------------------------------------------------------X

      Shimmy Zimels declares, pursuant to 28 U.S.C. § 1746:

      1.    I am President and Chief Executive Officer of defendant deltathree, Inc. ("Deltathree"). I respectfully submit this Supplemental Declaration in further support of Deltathree's Motion for Partial Summary Judgment.

      2.    I have been the President and Chief Executive Officer of Deltathree since before Deltathree and plaintiff Global IP Solutions, Inc. ("GIPS") entered into the OEM License and Distribution Agreement, effective as of August 19, 2005 (the "Agreement") at issue in this action.

      3.    I have personal knowledge as to how the parties conducted themselves during the negotiations that led to the parties executing the Agreement and the parties' course of conduct since that time. I participated in internal discussions at Deltathree about the proposed deal and I was kept consistently apprised of the progress and details of the negotiations as they unfolded.

4274350v.3

4. I reiterate herein the statements made in the *Declaration of Shimmy Zimels* filed in support of Deltathree's Motion for Partial Summary Judgment and the exhibits thereto, and confirm that they were made upon my own personal knowledge or after a review of the documents and the company's business records, except the statement in paragraph 4, which was made upon information and belief. That statement was made because I understood that the document attached thereto as Exhibit B was the initial draft of the Agreement. I have learned subsequently that Exhibit was not the initial draft. However, I know personally that the initial draft of the Agreement was prepared by GIPS.

5. The last page of the document attached as Exhibit C to the *Declaration of Shimmy Zimels* was included inadvertently.

Dated: March 13, 2008.

*S. Zimels*

_____
Shimmy Zimels