Dominic J. Picca (DP 2376)
Seth R. Goldman (SG 2452)
MINTZ LEVIN COHN FERRIS
  GLOVSKY and POPEO, P.C.
Chrysler Center
666 Third Avenue
New York, New York 10017
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GLOBAL IP SOLUTIONS, INC.,          :
                                     :
            Plaintiff,               : 07 CV 7631 (DCP)
                                     :
     v.                              : **MEMORANDUM OF LAW IN**
                                     : **SUPPORT OF**
DELTATHREE, INC.,                    : **DEFENDANT'S OPPOSITION TO**
                                     : **PLAINTIFF'S MOTION TO STRIKE**
            Defendant.               : **OR DISREGARD SHIMMY ZIMELS'**
                                     : **DECLARATION**

------------------------------------------------------------X

## I. INTRODUCTION

In an attempt to distract the Court from the reality that there are no genuine issues of material fact concerning the limitation of deltathree, Inc.'s ("Deltathree's") liability, Global IP Solutions, Inc. ("GIPS") has filed a motion to strike or disregard the *Declaration of Shimmy Zimels* (the "Zimels Declaration") filed in support of Deltathree's Motion for Partial Summary Judgment. GIPS seeks to use its motion to strike as a basis for denial of four of the facts in Deltathree's Local Rule 56.1(b) Statement. GIPS's motion is merely a smokescreen, however, and should be denied because the Zimels Declaration is made upon personal knowledge and demonstrates that Mr. Zimels is competent to testify to the matters stated therein. In an abundance of caution, nonetheless, and to clarify any questions regarding these issues, Deltathree

4273651v.3

submits herewith a *Supplemental Declaration of Shimmy Zimels* ("Supp. Zimels Declaration") to moot GIPS's motion to strike.

## II. ARGUMENT

### A. The Zimels Declaration Is Made Upon Personal Knowledge, and Does Not Need To "Purport" To Do So.

GIPS contends that the Zimels Declaration is defective because it does not contain the magic language "upon personal knowledge." GIPS' position is wrong. There is no requirement under federal law that such magic language be included specifically. In fact, the personal knowledge requirement is satisfied as long as the declaration includes sufficient facts to show that the declarant has personal knowledge of the facts attested to. El Deeb v. University of Minn., 60 F.3d 423, 428 (8th Cir. 1995). The Zimels Declaration fulfills this requirement because Mr. Zimels is Deltathree's President and CEO. *See* Zimels Declaration, ¶ 1; *see also* Discover Re Managers, Inc. v. Preferred Employers Group, Inc., 2006 WL 2838901, *6 (D. Conn. 2006) (reasonable that company's vice president had personal knowledge of company's contractual relationships); New York v. St. Francis Hosp., 94 F. Supp. 2d 423, 427 (S.D.N.Y. 2000) (reasonable that a company's vice president had personal knowledge regarding facts attested to in affidavit). Moreover, Mr. Zimels held those positions during the entire period of the negotiations with GIPS, participated in internal discussions concerning the negotiations with GIPS and was kept consistently apprised of progress and details of the negotiations as they unfolded. *See* Supp. Zimels Declaration, ¶¶ 3 and 4.

In addition, an officer of a company may testify on personal knowledge after a review of the company's records. *See* Merrill Lynch Business Financial Servs. Inc. v. Heritage Packaging Group, 2007 WL 2815741, *4 (E.D.N.Y. (2007); In re Brooks Fashion Stores, Inc., 1994 WL

132280, *4 n.3 (S.D.N.Y. 1994). Mr. Zimels reviewed documents ni connection with the summary judgment motion, including drafts of the Agreements. Therefore, Mr. Zimels has personal knowledge as to the facts attested to, and his Declaration may be considered as a whole by the Court in deciding Deltathree's Motion for Partial Summary Judgment. *See* Supp. Zimels Declaration, ¶ 5.

Nonetheless, should the Court consider GIPS's formalistic arguments, Delthathree herewith has submitted the Supplemental Zimels Declaration to correct any defects in the wording of Mr. Zimels's original Declaration. Accordingly, GIPS's Motion to Strike should be denied entirely.

**B. The Individual Components of the Zimels Declaration Cited By GIPS Are Made Upon Personal Knowledge and Should Not Be Stricken or Disregarded.**

1. Paragraphs 4 and 5

GIPS asserts that Mr. Zimels was not involved in the negotiations and therefore cannot possibly have personal knowledge as to the facts attested to in Paragraphs 4 and 5. However, as noted above, Mr. Zimels is the President and CEO of Deltathree, and held these same positions during the entire time the negotiations were occurring. *See* Zimels Declaration, ¶ 1; Supp. Zimels Declaration, ¶ 2. In these positions, Mr. Zimels was involved in the transaction, and was kept regularly apprised of the progress and details of the negotiations. *See* Supp. Zimels Declaration, ¶¶ 3 and 4. Even if Mr. Zimels did not have personal knowledge as to every detail of the negotiations, because declarations may be made on personal knowledge by an officer of a company after review of the company's business records, Mr. Zimels had sufficient personal knowledge to testify that the initial draft of the Agreement was produced to Deltathree by GIPS. *See* Heritage Packaging Group, 2007 WL 2815741 at *4; Brooks Fashion Stores, 1994 WL 132280 at *4 n.3; Supp. Zimels Dec. ¶ 4.

3

Notably, GIPS does not deny that the initial draft of the Agreement is a form agreement prepared by, and regularly used by, GIPS. *See* Zimels Declaration, ¶ 4, Supp. Zimels Dec. ¶ 4. More importantly, GIPS does not deny that Section 13.2 of this draft provided a limitation of liability for GIPS, and that Section 13.2 of the executed Agreement provides a limitation of liability for both GIPS and Deltathree. *See* Zimels Declaration, ¶ 5. Instead of denying the substantive material facts attested to in the Zimels Declaration – in particular the difference between Exhibit B and the executed Agreement – GIPS merely claims that, because Paragraph 5 of the Zimels Declaration is based upon Paragraph 4, Paragraph 5 should be disregarded, despite the truth that the initial draft which contained the limitation of liability (but which only gave GIPS the benefit of that limitation) was prepared by GIPS. It is plain that this tactic is simply meant to draw the Court's attention from the facts as clearly established.

2. <u>Exhibit C</u>

For the same reasons, Mr. Zimels is also competent to testify as to the accuracy of the invoices attached to the Zimels Declaration as Exhibit C. *See* Zimels Declaration, ¶ 6 and Exhibit C.[1] In requesting that the Court strike or disregard Exhibit C, GIPS once again contends that Mr. Zimels does not purport to have personal knowledge as to these invoices. However, as discussed above, as an officer of Deltathree, Mr. Zimels may testify on personal knowledge after a review of the company's business records. *See* <u>Heritage Packaging Group</u>, 2007 WL 2815741 at *4; <u>Brooks Fashion Stores</u>, 1994 WL 132280 at *4 n.3. The invoices which comprise Exhibit C can clearly be categorized as such business records, and Mr. Zimels is therefore competent to testify as to the accuracy of these invoices and to the facts which flow from them.

---

[1] The final page of Exhibit C as attached to the Zimels Declaration was inadvertently included, and should be disregarded by the Court. *See* Supp. Zimels Declaration, ¶ 6.

4273651v.3

## III. CONCLUSION

To strike the Zimels Declaration, from which personal knowledge is apparent by the facts attested to therein, simply because it does not specifically state that it is made upon personal knowledge, would be to exalt form over substance. The Zimels Declaration was made upon personal knowledge, and GIPS' Motion should be denied.

Dated: New York, New York
   March 17, 2008

Respectfully submitted,

By: _____
   Dominic J. Picca (DP 2376)
   Seth R. Goldman (SG 2452)
   MINTZ LEVIN COHN FERRIS
   GLOVSKY AND POPEO, P.C.
   666 Third Avenue
   New York, New York 10017
   Attorneys for Defendant
   Tel: 212-692-6845
   Fax: 212-983-3115

*Attorneys for Defendant deltathree, Inc.*