UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
GLOBAL IP SOLUTIONS, INC.,

              Plaintiff,

     -against-                       Civil Action No. 07-7631

DELTA THREE, INC.,

              Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/08

[Defendant's motion for partial summary judgment denied.]

Decided: April 29, 2008

Winston & Strawn, L.L.P. (Luke A. Connelly, Edward C. Wipper, Krista M. Enns), for Plaintiff.

Mintz Levin Cohn Ferris Glovsky and Popeo, P.C. (Dominic J. Picca, Seth R. Goldman), for Defendant.

OPINION

POGUE, Judge[1]: This matter involves a software licensing dispute and claim of copyright infringement between Plaintiff Global IP Solutions, Inc. ("GIPS") and Defendant Delta Three, Inc. ("Delta Three"). Delta Three now asks that the court grant partial summary judgment limiting its liability to $111,350. For the reasons that follow, the court denies Delta Three's request.

---

[1] Judge Donald C. Pogue of the United States Court of International Trade, sitting by designation.

## Background

Delta Three's motion cites Section 13.2 of the parties' agreement. That provision states that:

> Except for indemnification obligations of a party under Section 12.1 or 12.3, as applicable, in no event does GIPS' or Delta Three's aggregate liability under this agreement or for breach of this agreement whether in contract, tort (including negligence), strict liability, of any other legal theory, exceed the total amounts paid by Delta Three to GIPS under this Agreement.

Delta Three's motion for partial summary judgment claims that this provision must be interpreted to mean that Delta Three's liability under the parties' agreement is limited to the $111,350 it had actually paid to GIPS as of an unspecified date. At the same time, the parties are in disagreement about the facts surrounding the termination of the agreement and the amount of royalty payments required thereunder.

## Applicable Standard

On a motion for partial summary judgment, the applicable standard is the same as on a motion for summary judgment; hence, the court will grant the motion only if Delta Three can establish by undisputed facts, supported by admissible evidence, that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In making such a demonstration, as the moving party, Defendant has the burden of showing that no genuine factual dispute exists. See e.g., Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970);

Giannullo v. City of New York, 322 F.3d 139, 140-41 (2d Cir. 2003) ("the non-movant is not required to rebut an insufficient showing." (quoting Adickes, 398 U.S. at 158)); see also Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1105 (9th Cir. 2000) ("[u]nder Adickes, a moving party without the ultimate burden of persuasion at trial does not carry its initial burden of production if it fails to produce affirmative evidence negating an essential element of the nonmoving party's claim or defense.") When determining whether a genuine issue of material fact exists, the Court "is to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004); see also LaFond v. Gen. Physics Serv. Corp., 50 F.3d 165, 171 (2d Cir. 1995).

For questions of law, in accordance with the parties' agreement, New York law applies. Agreement ¶ 16.3.

### Discussion

"Contract language is ambiguous if it is 'capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement.'" Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 257 (2d Cir. 2002) (quoting Sayers v. Rochester Tel. Corp. Supp. Mgmt. Pension Plan, 7 F.3d 1091, 1095 (2d Cir. 1993)).

Other than by assertion, Delta Three's motion does not cite, nor explain, how the language of Section 13.2 is to be interpreted with regard to the period of time or the amount which the entire integrated agreement would use to calculate an intended limitation. While Delta Three reads Section 13.2 to be unambiguous in this regard, on its face, Section 13.2 does not state a date to which, or as of which, said requirement applies or how said amount is to be calculated. Delta Three contends that Section 13.2 refers to the amount actually paid. GIPS argues, <u>inter alia</u>, that the provision could as easily apply to the money that should have been paid under the contract. The court cannot determine, from the face of the agreement or the parties' R. 56.1 submissions, whether the agreement refers to an amount actually paid by some specific date or an amount intended to be paid during an initial term of the Agreement, or how any such amount is to be calculated or determined. Accordingly, the Agreement is capable of more than one meaning and the provision is ambiguous with regard to its application here. Therefore, Delta Three has not established the unambiguous or undisputed meaning the entire agreement would give to the claimed provision. Nor has it established, with admissible evidence, the facts necessary to negate or limit Plaintiff's claims.

Accordingly, Delta Three's motion must be and hereby is DENIED.

It is so ORDERED.

_____
Donald C. Pogue, Judge

Dated: April 29, 2008
       New York, New York